UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL A. CADENA, | ) | Case No.: ED CV 13-2066-PJW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) ) ) | |
| Defendant. | ) | |

I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when he determined that Plaintiff could perform the work of an assembler despite the fact that he was blind in one eye.  For the reasons discussed below, the Court concludes that the ALJ did not err.

## II. SUMMARY OF PROCEEDINGS

In May 2011, Plaintiff applied for DIB, alleging that he was disabled due to the fact that, among other things, he could not see out of his right eye. (Administrative Record ("AR") 40, 43, 145-46.) The Agency denied the application initially and on reconsideration. (AR 53-60, 63-70.) Plaintiff then requested and was granted a hearing before an ALJ. (AR 79-84.) In June 2012, he appeared with counsel and testified at the hearing. (AR 37-52.) The ALJ subsequently issued a decision denying benefits. (AR 24-32.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) He then commenced this action.

## III. ANALYSIS

The ALJ found that Plaintiff had no vision in his right eye. (AR 27.) Relying on the testimony of a vocational expert, he concluded that, despite this limitation, Plaintiff could perform the jobs of plastic hospital products assembler, Dictionary of Occupational Titles ("DOT") No. 712.687-010, and small products assembler, DOT No. 739.687-030. (AR 31, 50.) Plaintiff contends that the ALJ erred in reaching this conclusion because these two jobs require frequent and constant depth perception, which Plaintiff does not have because he is blind in his right eye. (Joint Stip. at 7 ("The visual demands as described in the DOT are incompatible with the limitation of Mr. Cadena from having no vision in his right eye.").) The Court does not find this argument persuasive.

The underlying premise of Plaintiff's appeal is that vision in both eyes is necessary for depth perception. (Joint Stip. at

2

7.)  Plaintiff, however, does not cite any authority for this proposition.  Nor is there any support for it in the record.  And, given the chance at the hearing to explore this claim, Plaintiff's counsel elected not to.  (AR 51.)

The Agency cites authority for the opposite proposition, i.e., that vision in both eyes is not required for depth perception.  *See Alsup v. Astrue*, 2012 WL 3817795, at *8 (D. Or. Sept. 4, 2012.).  In *Alsup*, the ALJ determined that, despite the fact that the claimant had "no useful vision in the right eye," he could still work as a small products assembler, the same job the ALJ determined Plaintiff could perform here.  *Id.* at *3.  The claimant appealed, arguing that his lack of vision in one eye prevented him from performing the job of assembler because that job required depth perception and he had none due to the loss of vision in one eye.  *Id.* at *7-8.  The district court rejected this argument.  *Id.* at *8.  It concluded that "depth perception was not synonymous with binocular vision" and cited authority in the medical literature to support that proposition.  *Id.*

The same result must obtain here.  Plaintiff has not provided the Court with any support for his argument that depth perception requires vision in both eyes.  And there is no support for that proposition in the record.  Plaintiff never testified to that fact and the doctors never endorsed it.  Nor is there any outside authority before the Court that depth perception is dependent on vision in both eyes.  In fact, as discussed, the only authority the Court has reviewed stands for

the opposite proposition.  For that reason, the ALJ's decision is affirmed and the action is dismissed with prejudice.[1]

IT IS SO ORDERED.

DATED:  January 7, 2015



PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\CADENA, 2066\Memorandum Opinion and Order.docx

---

[1] Plaintiff contends that the ALJ erred when he failed to "describe and quantify" Plaintiff's limitations with respect to his lack of vision in his right eye.  (Joint Stip. at 13-14.)  Again, the Court disagrees.  The ALJ told the vocational expert that Plaintiff had "no vision in the right eye."  (AR 49.)  Cleary, the vocational expert understood what that meant and how it might impact Plaintiff's ability to work.  To the extent that Plaintiff believes that the ALJ should have also stated that lack of vision prevented Plaintiff from perceiving depth, as discussed above, there is no support for that proposition in the record.